## No. 7322.

HARRY LEWIS, TUTOR, vs. THE NEW ORLEANS SAVINGS INSTITUTION.

The incompleteness of the Transcript is attributable to the Appellee himself and not to the Appellant, and the Motion to dismiss the Appeal should, therefore, be denied.

The object of the demand is not the same as in the former suit, and the exception of *res judicata* should be dismissed.

APPEAL from the Fifth District Court for the parish of Orleans. Rogers, J.

*B. R. Forman* for Plaintiff and Appellant.
*Bayne & Renshaw* for Defendant and Appellee.
*Mott & Kelley* on the same side.

ON THE MOTION TO DISMISS.

The opinion of the Court was delivered by

MARR, J. Plaintiff appealed from a judgment dismissing his suit on the exception *res adjudicata*. Appellee, defendant in the District Court, moves to dismiss, on the ground that the transcript is incomplete. "That it does not contain all the testimony adduced upon the trial in the lower court; and that said incompleteness is attributable to the appellant, as appears by the annexed affidavits."

The affidavits referred to are those of the clerk and deputy clerk of the District Court, of the same date as, and filed with the motion to dismiss. The deputy states, substantially, that the transcript was prepared under his supervision; and that the certificate, which is appended to it, showing that it is complete, is erroneous, and was made through inadvertence; that certain testimony which was offered by plaintiff, Harry Lewis, tutor, on the trial, does not appear in the transcript; that deponent requested appellant's counsel to supply the same for the preparation of the transcript; that it was not supplied; and that the testimony not in the transcript has not been written out by the stenographer.

That on the day on which the transcript was filed in this Court, 13th January, 1879, as soon as deponent remembered that it was not complete, and that the certificate was incorrect and had been given in error, he unsuccessfully attempted to have it corrected before the transcript should be filed.

The affidavit of the clerk states that he signed the certificate as presented to him, supposing it to be correct, but that it is erroneous in that the transcript does not contain all the testimony adduced on the trial.

On the 27th January, three other affidavits were filed and submitted with the motion to dismiss: one by the same deputy clerk, one by the clerk, and the third by the stenographer of the court. The deputy states that no testimony was taken on the trial; that all the testimony taken in a case in the same court, between the same parties, No. 8597 of the docket, was offered in evidence, but a part of it had not been written out in long hand, and is not yet written out nor on file; and that the record contains all the testimony written out in long hand and on file in that case. The affidavit of the clerk merely confirms and corroborates this statement.

The stenographer states that on the trial of the exception, the testimony taken in the case No. 8597, tried at the last term, between the same parties, was offered in evidence. That all this testimony was not written out in long hand, because the attorney for defendant, appellee in this case, "directed me not to do so, and stated that the case would

not be appealed, but would be settled. That in settling the costs of said case he did not pay for the writing out of said testimony in full, which, he said, would not be necessary." That all the testimony has not been written out for that reason; and that all the testimony written out is in this record.

The certificate of the clerk is that the preceding 164 pages " contain a full and complete transcript of all the proceedings had, testimony and evidence adduced, and all the documents filed upon the trial of the case," etc.

The affidavits do not impeach nor contradict this certificate. On the contrary, they show that it is correct, and they also show that the alleged incompleteness is attributable to the appellee and not to the appellant.

The stenographer's notes were not offered in evidence; they are not the testimony adduced on the trial. They are memoranda taken by him during the trial, from which he can afterwards write out and report intelligibly what the witness said on the trial; but they are wholly unintelligible to those who are not acquainted with his system.

There was no occasion for the stenographer to preserve the notes, after he had been informed by the defendant's counsel that there would be no appeal, and that the case would be settled; and it is not shown that they were in existence when this case was tried. No witness was called; no testimony was taken, and the offer of all the testimony offered in the suit No. 8597 was, necessarily, restricted to that which had been written out and was on file, and could be submitted to, read and understood by the judge.

The motion to dismiss is, therefore, overruled at the cost of appellee.

---

### On the Merits.

BERMUDEZ, C. J. This is an action to recover $2000, the stated value of certain jewelry said to have been contained in a *tin* box deposited at a particular time by the deceased mother of plaintiff's ward, in the savings institution, defendant herein.

The defense of *res judicata* was interposed.

From a judgment sustaining it, the plaintiff appeals.

The evidence shows that, in a previous suit, the plaintiff brought an action for $3000 in coin and $5000 jewelry, deposited during the same period, by the same person, in *a* box, with the same institution.

On the trial of the case, the character or the value of the two boxes was inquired into, and a witness valued the contents of one of the boxes, the tin box, at eight hundred dollars, and those of the other box, a paper box, at two hundred and fifty dollars.

The jury rendered a verdict for $2181 and interest for the cash deposited, and for $250, for the contents of *a* box.

The verdict was responsive to the prayer of the petition which was for the cash deposited and the jewelry contained in a box. The judgment of the Court was in accordance with the verdict.

It is evident that the jury did not make any allowance for the contents of the tin box, no doubt because they thought they would be granting relief *ultra petitionem.* Had they found plaintiff entitled to a certain sum as the value of the contents of the two boxes, as we think they might have done, there can be no doubt, particularly as the judgment as rendered was satisfied, the exception of *res judicata* would have been a good defense ; but it is manifest that they have not done so.

5 An. 666;· 10 An. 228; 19 L. 325; 8 M. 307; 13 An. 415; 20 An. 73 ; 24 An. 73; 26 An. 321; 27 An. 370; 2 M. 142; 2 La. 61; 8 La. 64; 17 L. 94; 22 How. 96.

The *quid judicandum* and the *quid judicatum* accord. What was not allowed by the jury can be claimed by the plaintiff in a different action. The *còrpus* in the former is not the *corpus* in the present suit. The object is not the same. The plea is not, therefore, well founded. R. C. C. 2286 ; C. N. 1350.

It is, therefore, ordered and decreed that the judgment appealed from be reversed, that the exception be overruled, and that the defendant be ordered to answer to the merits ;· and

It is further ordered and decreed that the case be referred to the Civil District Court for the parish of Orleans, which has superseded the Fifth District Court for the same parish, before which this suit was brought, to be further proceeded with according to law, the defendant and appellee to pay the costs of appeal.